UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ESQUIRE CAPITAL CORPORATION, )<br>)<br>Defendant. )<br>_____) | Civ. Action No. 04 CV 831 |

## COMPLAINT

Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, Esquire Capital Corporation (hereinafter, "Esquire" or "Defendant"), is a New Jersey corporation and filed its Articles of Incorporation with the Secretary of State of the State of New Jersey on November 2, 1987. Defendant currently maintains its principal place of business at 15413 Championship Drive, Haymarket, Virginia 20168. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).



## STATEMENT OF FACTS AND APPLICABLE LAW

4. Defendant was licensed by SBA as a specialized small business investment company ("SBIC") on February 14, 1989, SBA License No. 02/02-5520, under Section 301(d) of the Small Business Investment Act, 15 U.S.C. § 681(d), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Defendant's Articles of Incorporation, as amended, expressly provide that Defendant was organized solely for the purpose of operating under the Act and subject to regulations issued by SBA thereunder.

6. Section 308(c) of the Act, 15 U.S.C. § 687c, authorizes SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICS. The SBA has duly promulgated regulations implementing the Act, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

7. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a licensee may be forfeited and the company may be declared dissolved.

8. Section 311 of the Act, 15 U.S.C. § 687c, provides that upon a determination by SBA that a licensee, or any other person, has engaged in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction with the appropriate federal district court which shall grant a permanent or temporary injunction, or other relief without bond, upon a showing that such licensee has engaged in such acts or practices. The

Court may also appoint SBA to act as receiver for such licensee.

9. On or about September 24, 1991, in accordance with Section 303 of the Act, SBA provided financing to Defendant by purchasing $1,200,000.00 of preferred securities issued by Defendant, identified as Loan No. 09001400-02.

10. On or about December 16, 1992, in accordance with Section 303 of the Act, 15 U.S.C. § 683b, SBA provided further financing to Defendant in the principal sum of $1,250,000.00 through the purchase of a subordinated debenture ("the Debenture") issued by Defendant, identified as Loan No. 08002800-01. The Debenture was paid in full on or about June 28, 2003.

11. Section 107.1820 of the Regulations, 13 C.F.R. § 107.1820 (2003), provides that Preferred Securities issued before April 25, 1994 are governed by the remedies as listed in the Regulations that are in effect at the time of their issuance. Consequently, the remedies in effect in 1991 govern Defendant's preferred securities.

## COUNT ONE
## CAPITAL IMPAIRMENT

12. Paragraphs 1 through 11 are incorporated by reference as though set forth in their entirety herein.

13. Section 107.203(b) of the Regulations, 13 C.F.R. § 107.203(b) (1991), which governs the preferred securities purchased from Defendant on September 24, 1991, provides that the entire indebtedness, and/or the principal amount, of an SBIC's preferred securities may be declared due and payable on the happening of certain events of default, as described in that regulation.

14. Section 107.203(d) of the Regulations, 13 C.F.R. § 107.203(d) (1991) provides that a

3

condition of capital impairment is an event of default. This section further provides that a Section 301(d) Licensee, such as Defendant, has a condition of Capital Impairment if its capital impairment percentage is greater than 75.

15. Based upon a Statement of Financial Position, SBA Form 468, provided to SBA by Defendant, SBA determined that, as of March 31, 2003, Defendant was over 100% capitally impaired.

16. By letter dated June 27, 2003, SBA informed Esquire that, as of that date, Esquire's capital impairment percentage was 107.9%. Esquire was notified that the capital impairment percentage constituted an event of default that had to be cured by July 15, 2003.

17. Due to Esquire's condition of capital impairment, and pursuant to 13 C.F.R. §107.203(d), by letter dated July 29, 2003 SBA accelerated and demanded repayment of Defendant's indebtedness, including the principal amount of the Preferred Securities plus accrued daily dividends, to SBA within 15 days, or by August 13, 2003.

18. Subsequent to the demand, Defendant submitted a Statement of Financial Position, SBA Form 468, as of June 30, 2003. That submission indicates that Defendant remains over 100% capitally impaired.

19. To date, Defendant has failed to remit any payments to SBA under the Preferred Securities instrument and remains capitally impaired in violation of 13 C.F.R. 107.203 (b),(d) (1991).

20. As of January 15, 2004, Defendant is indebted to SBA for the total sum of $1,549,545.20, including principal of $1,200,000.00 and accrued dividends of $349,545.20, with a daily dividend accrual of $131.51.

## COUNT TWO
## FAILURE TO PAY ACCELERATED INDEBTEDNESS

21. Paragraphs 1 through 20 are incorporated by reference as though set forth in their entirety herein.

22. Section 107.203 of the Regulations, 13 C.F.R. § 107.203 (1991), which governs the preferred securities purchased from Defendant on September 24, 1991, provides that the entire indebtedness of an SBIC's preferred securities may be declared due and payable on the happening of certain events of default, as described in that regulation, including, but not limited to, a capital impairment percentage greater than 75 for a licensee such as Esquire.

23. By letter dated June 27, 2003, SBA notified Defendant that Defendant was in violation of Section 107.203(d) (1991) of the Regulations, was in default, and had 15 days to cure the default.

24. By letter dated July 29, 2003, SBA accelerated Defendant's entire indebtedness and made demand for payment in full of Defendant's indebtedness, within 15 days from the date of the letter.

25. To date, no payment has been received and the entire amount of Defendant's indebtedness to SBA under the Preferred Securities Instrument is still outstanding.

26. As of January 15, 2004, Defendant is indebted to SBA for the total sum of $1,549,545.20, including principal of $1,200,000 and accrued dividends of $349,545.20, with a daily dividend accrual of $131.51.

WHEREFORE, Plaintiff prays as follows:

A. That permanent injunctive relief be granted restraining Esquire, its officers, agents, employees, financial managers, and other persons acting on its behalf, in concert or

5

participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Esquire, wherever located; and (3) violating the Act or the Regulations promulgated thereunder;

B.  That this Court determine and adjudicate Esquire's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

C.  That this Court take exclusive jurisdiction of Esquire and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of Esquire for the purpose of liquidating all of Esquire's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to Esquire against third parties, as appropriate;

D.  That this Court render Judgment in favor of SBA and against Esquire in the amount of $1,549,545.20, including principal of $1,200,000.00 and accrued dividends of $349,545.20, with a daily dividend accrual of $131.51, up until the date of judgment, together with post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered;

E.  That this Court grant such other relief as may be deemed just and proper.

Paul J. McNulty
United States Attorney

By: *[signature]*
Arthur E. Peabody, Jr.
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3746

By: [signature]
Arlene M. Embrey
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, DC 20416
(202) 205-6976

Attorneys for Plaintiff