IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



UNITED STATES OF AMERICA,
    Plaintiff

v.                    Civ. Action No. 04-581

ESQUIRE CAPITAL CORPORATION    Judge Lee
    Defendant

04 MBD 10202

## CONSENT DECREE AND JUDGMENT AND CONSENT ORDER

COME NOW the plaintiff, the United States of American on behalf of its agency, the United States Small Business Administration, and the defendant, Esquire Capital Corporation (collectively "the Parties"), and hereby stipulate to the terms of this consent decree and judgment and consent order as follows:

WHEREAS, on or about May 18, 2004, Plaintiff, United States of America, filed a complaint against defendant, Esquire Capital Corporation, seeking the appointment of the United States Small Business Administration ("SBA") as receiver for defendant and seeking entry of a money judgment;

WHEREAS, Esquire is willing to stipulate that it has violated the Act and the Regulations as alleged in the Complaint filed against it in the instant action (provided, however, that such stipulation shall be binding only to the extent of authorizing the relief in favor of the SBA provided for herein and that such stipulation shall not be deemed to be binding upon Esquire, its shareholders, officers, directors, managers, employees and/or agents with respect to any other or additional relief - civil, criminal or otherwise –

which might be sought to be imposed in this or any other proceeding);

WHEREAS, on or about June 16, 2004, plaintiff was informed that defendant would consent to the appointment of SBA as liquidating receiver for Esquire and would also consent, to the extent provided herein, to the entry of judgment as prayed in the complaint;

WHEREAS, the Parties have therefore agreed to the following terms:

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Esquire Capital Corporation ("Esquire" or "Defendant") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver ("Receiver") of Esquire to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshalling and liquidating all of Esquire's assets with the goal of maximizing recovery and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors and managers of Esquire under applicable state and federal law, by the Articles of Incorporation, By-Laws and amendments thereto of said corporation, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, general partners, employees, managers, and agents of Esquire are hereby dismissed. Such persons shall have no authority with respect to Esquire's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Esquire and

shall pursue and preserve all of its claims.

3. The past and/or present general partners, agents, trustees, attorneys, accountants, and employees of Esquire, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Esquire and its assets and all other assets and property of the corporation, whether real or personal. Frederick Eliassen, Investment Advisor and Manager of Esquire, shall furnish a written statement within five (5) days after Esquire or its attorneys are notified by the SBA of the entry of this Order, listing the identity, location and estimated value of all assets of Esquire as well as the names, addresses and amounts of claims of all known creditors of Esquire. Within thirty (30) days following notification to Esquire or its attorneys by the SBA of the entry of this Order, Frederick Eliassen shall also furnish a written report describing all assets of Esquire. All persons having control, custody or possession of any assets or property of Esquire are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known partners, agents, employees, creditors and debtors of Esquire, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligations or debts to Esquire shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Esquire had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at

banking or other financial institutions to extend credit on behalf of Esquire, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate. Nothing in this paragraph shall be deemed to diminish the right of the investors in Esquire to object to or seek review of any action taken by the Receiver or to alter the standard of review customarily applied by the Court in reviewing the actions of a Receiver appointed under similar circumstances.

6. Esquire's past and/or present partners, agents, managers, employees, debtors and creditors, and other appropriate persons (including without limitation, the Defendant's portfolio of small business concerns and financial institutions doing business with Defendant and/or Defendant's portfolio of small business concerns) shall be subject to the Receiver's subpoena power pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court. In the event that the Receiver deems it necessary to require

the appearance of the aforementioned persons, it shall direct notice for any such appearance by certified mail including documents requested, if any, and said persons shall appear with the documents requested, if any, and give answer to the Receiver pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving Esquire or any assets of Esquire, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving Esquire, the Receiver, or any of Esquire's past or present partners, managers or agents sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset.

8. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving Esquire or any assets of Esquire, including subsidiaries, wherever located, and excluding the instant proceeding, involving Esquire, the Receiver, or any of Esquire's past or present partners, managers or agents sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further,

as to a cause of action accrued or accruing in favor of Esquire against a third party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

9. Esquire and its past and/or present officers, directors, managers, agents, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Esquire to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. § 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. § 107.1 et. seq. (1958).

10. The Receiver is authorized to borrow on behalf of Esquire, from the SBA, up to $500,000 and is authorized to cause Esquire to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Esquire, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of shareholders of Esquire. Any such Receiver's Certificates of Indebtedness shall be the obligations of Esquire only, and not those of its shareholders, officers, directors, managers, employees and/or agents.

11. This Court determines and adjudicates that Esquire has violated the Act and the Regulations, as alleged in the Complaint filed against Esquire in the instant

action. After the foregoing activities are completed, the Receiver may submit a report to this Court recommending that Esquire's license be revoked.

12. The United States Small Business Administration is further entitled to a judgment against Esquire in the amount of $1,549,545.20, including principal of $1,200,000.00 and accrued dividends of $349,545.20, with a daily dividend accrual of $131.51, up until the date of judgment. It is further Ordered that post-judgment interest, at a rate provided by law will be provided from that date of entry of judgment, pursuant to 28 U.S.C. § 1961.

AGREED TO AND CONSENTED TO:

ESQUIRE CAPITAL CORP.

By: _____ as president 06/25/04
    Chung C. Chou, President

Meyer Meyer Metli & Keneally, Esqs. LLP
Attorneys for Esquire Capital Corp.

By: _____ 6/28/04
    James E. Robinson, Esq.

28 Manor Road
Smithtown, NY 11787
(631) 265-4500

U.S. SMALL BUSINESS ADMINISTRATION

By: _____ 06-29-04
    Thomas G. Morris
    Director, Office of Liquidation

7

*[signature]* 6-30-04
Paul J. McNulty
United States Attorney
Arthur E. Peabody, Jr.
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314

By: *[signature]* 6-29-04
Arlene M. Embrey, Esq.

Special Assistant United States Attorney
409 Third Street, S.W., Seventh Floor
Washington, DC 20416
(202) 205-6976

SO ORDERED this 2nd day of July, 2004 in Alexandria, Virginia

*[signature]*
UNITED STATES DISTRICT COURT JUDGE